## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Billy Perry, *individually and on behalf of all others similarly situated*, | Court File No. 22-CV-973 |
| Plaintiff, | |
| | **NOTICE OF REMOVAL** |
| v. | |
| Bay & Bay Transportation Services, Inc., | |
| Defendant. | |

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Bay & Bay Transportation Services, Inc. ("BBTS") hereby removes the civil action entitled *Billy Perry v. Bay & Bay Transportation Services, Inc.* (the "Removed Case"), from the Minnesota District Court for the First Judicial District, where it is now pending, to the United States District Court for the District of Minnesota.  In support of removal, BBTS states the following[1]:

---

[1]   By filing this Notice of Removal, BBTS does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, personal jurisdiction, or venue, and also specifically reserves its right to assert any defenses and/or objections to which it may be entitled.  BBTS also expressly reserves all rights to challenge the Complaint (including the relief sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other appropriate grounds, including that no class should be certified in this action.  The facts set forth in this Notice are based on the allegations of the Complaint and BBTS's good faith allegations and are solely for removal purposes. BBTS's reliance on the facts alleged and relief sought in the Complaint for removal purposes in no way suggests that BBTS agrees with those facts or concedes to any of the relief sought.

I.      **PROCEDURAL POSTURE**

1.      Plaintiff Billy Perry ("Perry") commenced the Removed Case in Minnesota State Court, venued in the First Judicial District, Dakota County, by serving BBTS with a Summons and Complaint on March 17, 2022 ("State Court Action").

5.      In his Complaint, Perry asserts causes of action for negligence, negligence per se, and implied contract based on a recent cyber-attack on BBTS's network.

II.     **PROCEDURAL REQUIREMENTS FOR REMOVAL**

7.      This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 103(3), 1441(a), 1446(a).

8.      This removal is timely because it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

9.      Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibits A-F** are true and correct copies of all process, pleadings, and orders served upon BBTS in the State Court Action.

10.     Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, BBTS is simultaneously (a) serving Plaintiff with a copy of this Notice of Removal, and (b) filing a copy of the Notice of Removal in the Minnesota District Court, First Judicial

District, Dakota County. A copy of the Notice of Removal filed in the State Court Action is attached hereto.[2]

## III.   CLASS ACTION FAIRNESS ACT

11.    The Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: "1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886 (8th Cir. 2013) (quoting *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006)).

### A.    The Putative Class

12.    This action is a class action within the meaning of the CAFA because Perry seeks certification of a putative class pursuant to Minn. R. Civ. P. 23.01, a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

13.    The CAFA numerosity requirement is also satisfied because Perry alleges that there are approximately 7,500 class members. Compl. ¶ 1.

### B.    Minimal Diversity

21.    BBTS is a corporation organized under the laws of the state of Minnesota. A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BBTS is incorporated in Minnesota and has its principal place of

---

[2] BBTS has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

business in Minnesota.  Consequently, for diversity purposes, BBTS is a citizen of Minnesota.

22.     Perry proposes that the following persons be included in the class: "All persons [BBTS] identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach."

23.     BBTS sent a notice of the data breach to numerous non-Minnesota citizens.

24.     Accordingly, at least one member of the putative class is a citizen of a State different from Minnesota or a citizen or subject of a foreign state.

25.     Because BBTS is a Minnesota citizen and at least one member of the putative class is a citizen of a State different than Minnesota, or is a citizen or subject of a foreign state, minimal diversity exists among the parties under the CAFA. *See* 28 U.S.C. § 1332(d)(2)(A)-(B).

## C.      Amount in Controversy

26.     The amount in controversy requirement is also satisfied.  Where a defendant can show that the amount in controversy is greater than the jurisdictional amount, removal is proper. *Raskas*, 719 F.3d at 887.  "[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (quotation omitted).  If it is possible for the class to recover an amount greater than the requisite amount, removal is proper, "[e]ven if it is highly improbable" that it will recover that amount. *Id.* at 888.

27.     The amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6).   Assuming the truth of Perry's allegations for purposes of this removal only (and reserving BBTS's right to dispute them in future proceedings), and aggregating the alleged damages for all putative class members, the relief sought by the Complaint exceeds $5,000,000, exclusive of interest and costs.   *See* 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

28.     Perry claims (albeit incorrectly) that he is entitled to compensatory and consequential damages.   Although he does not quantify his total damages, he seeks damages for several categories of alleged harm.   Compl. ¶¶ 88-89, 93-95, 103-110, 149. For example, Perry claims that he lost $500.00 in a purported scam that allegedly resulted from the data breach.   Compl. ¶ 89.   Additionally, Perry alleges he has lost the value of his private information and claims that information can be sold for as much as $363.00. Compl. ¶¶ 79-83, 107.

29.     Perry also alleges that he has suffered damages in the form of out-of-pocket expenses for purchasing credit monitoring and identity theft prevention services.   Compl.

¶ 110.  Perry does not quantify this amount.  However, some credit and identity theft protection services cost as much as $239.90 per year.[3]

30.     Perry additionally seeks reimbursement for the value of his time spent dealing with the consequences of the data breach, which he claims to be three to four hours per week.  Compl. ¶ 88.  Again, Perry does not quantify the value of this time, but in a separate data breach case, a defendant offered reimbursement at $25.00 per hour for dealing with the consequences of a data breach.[4]  Applying this rate as an example, even if Perry only monitored his information for two weeks, the value of his lost time could be $200.00.

31.     Accordingly, although BBTS vigorously disputes Perry's allegations and entitlement to relief, assuming for the purposes of removal only that Perry's allegations are true and the Court or a fact-finder finds he is entitled to recover for all the aforementioned alleged categories of damages, the individual damages alleged in his Complaint could exceed $1,000.00.[5]

32.     Perry alleges that his "claims are typical of those of other Class Members…"  Compl. ¶ 120.  Perry further claims that the class members sustained similar types of alleged damages as Perry.  Compl. ¶¶ 103-110.

---

[3] *See* IdentityForce, https://secure.identityforce.com/sales_landing/step2?offer=credcomp (last visited Apr. 12, 2022).

[4] *Equifax Data Breach Settlement: What You Should Know*, Federal Trade Commission, https://consumer.ftc.gov/consumer-alerts/2019/07/equifax-data-breach-settlement-what-you-should-know (last visited Apr. 12, 2022).

[5] This figure does not take into account that Perry also seeks punitive damages.  Compl. ¶ 143.

33.    As a result, assuming (without conceding) that Perry is a typical class member as he alleges, the amount placed in controversy by Plaintiff's Complaint for a class of 7,500 easily exceeds the $5,000,000.00 jurisdictional minimum.  *See* 28 U.S.C. § 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

### D.  The CAFA's Exceptions Do Not Apply.

34.    Perry bears the burden of establishing that an exception to the CAFA would apply.  *See Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021).

35.    However, BBTS notes that no exception under 28 U.S.C. § 1332(d)(3)-(4) applies because, among other reasons, less than one third of the putative class members are Minnesota citizens.

WHEREFORE, notice is hereby given that this action is removed from Minnesota District Court to the United States District Court for the District of Minnesota.

Dated:  April 15, 2022                    SPENCER FANE LLP

By:  */s/ Jessica J. Nelson*
Jessica J. Nelson, #347358
Luke J. Wolf, #0399986
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7000
Facsimile: (612) 268-7001
jnelson@spencerfane.com
lwolf@spencerfane.com

*Attorneys for Defendant Bay & Bay*
*Transportation Services, Inc.*

7