UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BILLY PERRY, | Civil File No. 22-973 (JRT/ECW) |
| *on behalf of himself and those similarly situated*, | |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| BAY & BAY TRANSPORTATION SERVICES, INC., | |
| Defendant. | |

---

Dylan J. Gould, **MARKOVITS STOCK & DEMARCO, LLC,** 119 E. Court Street, Suite 500, Cincinnati, OH 45002, for plaintiff.

Thomas W Hayde, **SPENCER FANE,** 1 North Brentwood Blvd., Ste 1000, St. Louis, MO 63105, for defendant.

Plaintiff's filed an Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award (ECF No. 64) and an Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 69) (Collectively, the "Motions"). The Court has reviewed the Motions, the supporting facts and authorities, and the Class Action Settlement Agreement (ECF 57-1) entered into by Plaintiff and Defendant Bay & Bay Transportation Services, Inc. ("Defendant" or "Bay & Bay").

Based on a review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1

1. The Unopposed Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award (ECF No. 64) and the Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 69) are **GRANTED**.

2. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

3. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

4. The Court finds that the Settlement Agreement, which provides for a $230,000 non-reversionary common fund to resolve the claims of approximately 6,739 Class Members is fair, reasonable, adequate, and was entered into in good faith without collusion. The Court approves and directs consummation of the Settlement Agreement.

5. The Court approves the Release provided the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

6. The Court reserves jurisdiction over this action and the Settlement Agreement.

7. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

8. The Court dismisses with prejudice all claims of the Class against Bay & Bay in this case, without costs and fees except as explicitly provided for in the Agreement.

9. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement and Notice Plan ("Preliminary Approval Order") (ECF 62) that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Agreement, Class Counsel's request for a Service Award to the Class Representative and motion for attorneys' fees, costs, and expenses.

10. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that the Notices have been mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

11. The Court finds Bay & bay has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

12. The Court finds that the Class Representative is similarly situated to absent Class Members and is typical of the Class and is an adequate Class Representative, and that Class Counsel and the Class Representative have fairly and adequately represented the Class. The Court grants final approval to its appointment of Class Counsel and Class Representative as provided in the Preliminary Approval Order, appointing the following firms and individuals as Class Counsel: Bryan L. Bleichner, Christopher P. Renz, and Philip J. Krzeski of Chestnut Cambronne PA; Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and Terence R. Coates and Dylan J. Gould of Markovits, Stock, & DeMarco, LLC. The Court also appoints Plaintiff Billy Perry as Class Representative.

13. The Court certifies the following Class and Subclass under Fed. R. Civ. P. 23(a) and 23(b)(3): "all individuals to whom Defendant sent notice of the security breach that Defendant announced on or around February 2022."

14. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative is typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

15. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Agreement; having considered Plaintiff and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims in data-breach claims at trial, including the possibility that Bay & Bay could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

  a. Plaintiff and Class Counsel have adequately represented the Class;

  b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Bay & Bay, with the assistance of a neutral mediator;

4

    c.  the outcome of the Litigation is in doubt;

    d.  it is possible the Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Bay & Bay could defeat certification;

    e.  the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f.  the Parties have in good faith determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

    g.  the aggregate consideration for the Class—including both the Settlement Fund, which Bay & Bay shall fund, and other forms of relief Bay & Bay agreed to—is commensurate with the claims asserted and that will be released as part of the Settlement, and

    h.  the terms of the Agreement treat the Class Members equitably relative to each other and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members.

16. The Court approves the requested allocation of the $230,000 Settlement Fund. The Settlement Fund shall first be used to pay settlement administration expenses of $24,911.00; Class Counsel attorneys' fees totaling one-third (1/3) of the Settlement Fund ($76,666.67); Class Counsel's costs and expenses of $805.85; and a service award to Plaintiff Billy Perry in the amount of $2,500 in recognition of his service to the Class. The Settlement Fund shall next be used to pay Class Members' documented out of pocket losses or expenses fairly traceable to the Data Incident up to $5,000. Any funds remaining shall be split *pro rata* amongst each individual who submitted a valid claim.

17. To the extent there are any unclaimed funds from uncashed checks, the parties shall jointly recommend a *cy pres* recipient for Court approval.

18. Plaintiff and Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Settlement Agreement, and to the fullest extent permitted by law, each Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Settlement Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 23, 2024
at Minneapolis, Minnesota.

*John N. Tunheim*
JOHN R. TUNHEIM
United States District Judge